HENRY F. HEALY, JR., HIGH SHERIFF OF THE COUNTY OF NEW HAVEN *v.* FREEDOM OF INFORMATION COMMISSION ET AL. (6813)

BORDEN, DALY and NORCOTT, Js.

Argued December 21, 1988—decision released April 25, 1989

*Victor R. Perpetua,* commission counsel, with whom, on the brief, were *Theresa A. Hopkins* and *Laura S. Shactman,* commission counsel, and *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Henri Alexandre,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, and *Joseph I. Lieberman,* former attorney general, for the appellee (plaintiff).

BORDEN, J. The named defendant,[1] the state freedom of information commission, appeals from the judgment of the trial court sustaining the plaintiff's administrative appeal. The decisive issue in this appeal is whether the disclosure provisions of General Statutes § 1-19 of the Freedom of Information Act; General Statutes §§ 1-7 through 1-21k; apply to monthly financial statements filed with the plaintiff, the high sheriff of New Haven county, by the plaintiff's deputy sheriffs pursuant to the spirit of the Code of Ethics for Public Officials. General Statutes §§ 1-79 through 1-89. We conclude that the statements are exempt from disclosure under § 1-19, and, accordingly, we find no error.

The trial court found the following facts. In an effort to assist his deputy sheriffs to comply with the requirement of General Statutes § 1-83[2] that they file with the

---

[1] The petition for appeal to the Superior Court names three defendants: the freedom of information commission; New Mass. Media, Inc., a Massachusetts corporation doing business under the name New Haven Advocate; and David McKay Wilson, a reporter for the New Haven Advocate. Because only the freedom of information commission is appealing to this court, it is referred to in this opinion as the defendant.

[2] General Statutes (Rev. to 1987) § 1-83 provides in pertinent part: "(a) All state-wide elected officers, members of the general assembly, . . .

state ethics commission an annual statement of financial interests, the plaintiff required his deputies to pre-

sheriffs and deputy sheriffs, . . . shall file, under penalty of false statement, a statement of financial interests for the preceding calendar year with the commission on or before the April fifteenth next in any year in which he holds such a position. . . .

"(b) (1) The statement, except as provided in subdivision (3) of this subsection, shall include the following information for the preceding calendar year in regard to the individual required to file the statement and his spouse and dependent children residing in the individual's household: (A) The names of all businesses with which associated; (B) the category or type of all sources of income in excess of one thousand dollars, amounts of income shall not be specified; the names and addresses of specific clients, patients and customers, except when such information is privileged against disclosure under the law or where the ethical standards of a professional group, society or organization of which the individual is a member, prohibit such disclosure without the consent of the client, patient or customer involved, who provided more than five thousand dollars of net income including clients and customers who provided more than five thousand dollars of net income to any business with which the individual was associated, amounts of income not to be specified; (C) the name of securities in excess of five thousand dollars at fair market value owned by such individual, spouse or dependent children or held in the name of a corporation, partnership or trust for the benefit of such individual, spouse or dependent children for the purpose of divesture of all control and knowledge of assets in order to avoid a conflict of interest during such individual's term of office, only the existence of such trust and the name of the trustee shall be included, but the value shall not be specified; (D) all real property and its location, whether owned by such individual, spouse or dependent children or held in the name of a corporation, partnership or trust; (E) the names and addresses of creditors to whom the individual, his spouse or dependent children, individually, owed debts of more than ten thousand dollars; and (F) any leases or contracts with the state held or entered into by the individual or a business with which he was associated; (2) every individual subject to this section shall file a disclosure with the commission of any fees or honorariums received for any appearance or the delivery of an address to any meeting of any organization. Such disclosure shall be made within thirty days after receipt of such fee or honorarium; (3) the statement of financial interests filed by sheriffs and deputy sheriffs shall include only amounts and sources of income earned in their capacity as sheriffs or deputy sheriffs.

"(c) The statement filed pursuant to this section shall be a matter of public information, except the list of names, filed in accordance with subparagraph (B) or subparagraph (E) of subdivision (1) of subsection (b) of this section shall be sealed and confidential and for the use of the commission only after a complaint has been filed under section 1-82 and such complaint has been

pare and file with him monthly statements detailing their expenses and income derived from the discharge of their duties as deputy sheriffs. The monthly statements served to gather, in a systematic and orderly way, the information that would be necessary to produce the annual statements for the ethics commission. It is undisputed that the production of the monthly statements was not required by General Statutes § 1-83, and that the monthly statements were not filed with the ethics commission.

David Wilson, a reporter with the New Haven Advocate, requested copies of the deputy sheriffs' monthly statements. The plaintiff refused to disclose the statements and Wilson filed a complaint with the defendant. After a hearing, the defendant ordered the plaintiff to provide Wilson copies of the monthly statements. The defendant noted in its order that the plaintiff's policy of requiring his deputy sheriffs to submit monthly statements was motivated by "good faith and an ardent desire to comply with the statutory filing requirements of [General Statutes] § 1-83." The plaintiff appealed to the trial court, which sustained the appeal. The defendant's appeal to this court followed.

The defendant argues that the trial court erred in concluding that General Statutes § 1-83 exempts the deputies' monthly statements from disclosure. We disagree with the defendant.

Under General Statutes § 1-19 (a), "[e]xcept as otherwise provided by any federal law or state statute, all records" of public agencies are public records subject to public inspection. The issue of this appeal is whether, under the facts of this case, General Statutes § 1-83 is a state statute that "otherwise provides." See *Gal-*

determined by a vote of the commission to be of sufficient merit and gravity to justify the unsealing of such list or lists and not open to public inspection unless the respondent requests otherwise."

*vin* v. *Freedom of Information Commission,* 201 Conn. 448, 456, 518 A.2d 64 (1986). "In resolving this issue, we are guided by the well established rule that requires us to ascertain and give effect to the apparent intent of the legislature. See, e.g., *State* v. *Dolphin,* 203 Conn. 506, 521, 525 A.2d 509 (1987)." *Commissioner* v. *Freedom of Information Commission,* 204 Conn. 609, 619–20, 529 A.2d 692 (1987).

From our examination of the two statutes, we conclude that the language of § 1-83 indicates that the legislature intended to limit the disclosure of information gathered in the preparation of annual financial statements. Section 1-83 (b) (3) provides that "the statement of financial interests filed by sheriffs and deputy sheriffs shall include *only* amounts and sources of income earned in their capacity as sheriffs or deputy sheriffs." (Emphasis added.) By contrast, § 1-83 (b) (1) requires that members of the general assembly and other office holders file a much more thorough statement, detailing such items as real estate holdings, securities holdings, and "the category or type of all sources of income . . . ." Thus, it is evident that the legislature specifically intended to circumscribe the extent to which § 1-83 requires sheriffs and deputy sheriffs to disclose their financial affairs to the public eye.

Moreover, § 1-83, when read as a whole, reveals a careful balance between the information that must be disclosed and that which may be withheld from public scrutiny. Section 1-83 (b) (1) (B) requires the disclosure of "the category or type of all sources of income in excess of one thousand dollars," but the amount "shall not be specified . . . ." Although "the names and addresses of specific clients, patients, and customers" who provided more than five thousand dollars of income must be included in the financial statement; id.; the list of names so provided "shall be sealed and confidential and for the use of the [ethics] commission only after

a complaint has been filed . . . . '' General Statutes § 1-83 (c). Moreover, the name of a given client, patient or customer may be withheld altogether if such information is legally or ethically privileged, and, in any event, the amount of income derived from the client, patient or customer need not be disclosed. General Statutes § 1-83 (b) (1) (B).

'' 'In construing a statute, each part should be treated as significant and necessary; every sentence, phrase and clause is presumed to have a purpose.' . . . *Vartuli* v. *Sotire,* [192 Conn. 353, 363–64, 472 A.2d 336 (1984)].'' *Carr* v. *Woolwich,* 7 Conn. App. 684, 694–95, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986). ''Where statutes contain specific and general references covering the same subject matter, the specific references prevail over the general. *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 622, 363 A.2d 1038 (1975)''; *Galvin* v. *Freedom of Information Commission,* supra, 456. Statutes ''must be read with common sense, so as to accomplish a reasonable result and not to thwart [their] purpose. *State* v. *Ralston,* 7 Conn. App. 660, 682, 510 A.2d 1346 (1986).'' *State* v. *Chiarizo,* 8 Conn. App. 673, 682–83, 514 A.2d 370, cert. denied, 201 Conn. 809, 515 A.2d 379 (1986).

It would not comport with these well established canons of statutory construction for us to construe §§ 1-83 and 1-19 so as to require the plaintiff to disclose information gathered in compliance with § 1-83 that was beyond the scope of the disclosure requirements of that statute. The legislature's purpose in drafting § 1-83 as it did was to create a specific and self-contained system of disclosure and nondisclosure. Because § 1-83 contains its own mechanism to control the disclosure of information gathered in pursuance of its terms, we conclude that to incorporate into § 1-83 the general disclosure rule of § 1-19 ''would defeat the

policy of [§ 1-83] and make its own provisions hopelessly inconsistent." *Galvin* v. *Freedom of Information Commission,* supra, 459.

The monthly statements at issue here are exempted from disclosure under General Statutes § 1-19 (a) by virtue of General Statutes § 1-83. The disclosure obligation of sheriffs and deputy sheriffs is expressly limited to a simple statement of the annual "amounts and sources of income earned in their capacity as sheriffs or deputy sheriffs . . . ." The general disclosure requirement of § 1-19 (a) does not prevail over the specific limitation of the plaintiff's disclosure obligations under § 1-83.

There is no error.

In this opinion the other judges concurred.