[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OR STAY PROCEEDINGS
The plaintiff is a former employee of the named defendant, where she was employed from 1972 to 1989. After sustaining injuries at work in January 1989 she filed a worker's compensation claim. The plaintiff was discharged on February 22, 1989. The plaintiff claims she was discharged because she filed a worker's compensation claim. Bic and the co-defendant, it's personnel manager claim that the plaintiff was discharged for unjustified failure to report to work in violation of a collective bargaining agreement and work rules of the company. The plaintiff and her union, Local 134, initiated grievance proceedings under the grievance procedures in the collective bargaining agreement between the union and Bic. When the plaintiff and the union, were unsatisfied with the results of the grievance proceedings, an application was filed for arbitration with the American Arbitration Association, which was a remedy expressly provided in the collective bargaining agreement. The CT Page 1795 arbitration application was filed December 5, 1989, and it requires the parties to arbitrate the grievance.
This action was started on February 21, 1990 when the complaint was served, and contains three counts. The first count is a claim for wrongful discharge based on section 31-290a
of the General Statutes, claiming that the plaintiff was improperly discharged for filing a claim for worker's compensation benefits, that her discharge was based upon false information and that it violated public policy. The second count claims violation of the plaintiff's right of privacy, and the third count alleges intentional infliction of emotional distress.
The defendants claim that this action should be dismissed based upon the prior pending action doctrine, since the prior arbitration proceeding pending makes or similar claims to those made by the plaintiff in this action. In the alternative the defendants request a stay of proceedings under section 52-409 C.G.S.
A motion to dismiss admits all well pleaded facts and the complaint is construed in the manner most favorable to the plaintiff. Young v. Chase, 18 Conn. App. 85, 90; Duguay v. Hopkins, 191 Conn. 222, 227. A motion to dismiss can be filed with supporting affidavits as to facts not apparent on the record. Section 143, Connecticut Practice Book. Where there are disputed issues of fact an evidentiary hearing is required. Lampasona v. Jacobs, 7 Conn. App. 639, 642, 643; Bradley's Appeal From Probate, 19 Conn. App. 456, 467. The court cannot make critical factual findings based only on the briefs of the parties supplemented by the documents submitted to it. Id., 467. While some of the underlying facts are undisputed, it is not clear from the documents submitted as to exactly what the scope of the arbitration proceedings will be and whether they cover, either directly or indirectly, all of the claims encompassed in this action. That depends upon the scope of the submission, which is grievance #29-89 according to the letter requesting arbitration. Grievance #29-89 is a claim that the plaintiff was not discharged on February 21, 1989 for just cause, and requesting on that basis immediate reinstatement and reimbursement for all losses incurred.
The prior pending action rule provides that when two separate law suits are virtually alike the second action may be dismissed by the court because there is no necessity for bringing the second action and therefore it must be oppressive and vexatious. Beaudoin v. Town Oil Co., 207 Conn. 575,583, 584; Halpern v. Board of Education, 196 Conn. 647, CT Page 1796 652, 653; Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112. When this type of claim is made the court examines the pleadings to decide whether the two actions are virtually alike. Halpern v. Board of Education, supra, 653; Northern Homes Distributors, Inc. v. Grosch,22 Conn. App. 93, 96. The defendants are correct that the rule may apply where one proceeding is an administrative type appeal and the other is a civil action. Halpern v. Board of Education, supra, 653, 654, but the concept is not properly applied in this case for several reasons. First of all, it is difficult to determine to what extent the proceedings are alike, because the evidence before the court does not disclose what the scope of the arbitration proceedings are in more than general terms. Assuming that the request to arbitrate the question of whether the plaintiff was discharged for just cause encompasses the claim that she was wrongfully discharged for making a claim for worker's compensation benefits, the result achieved in the two proceedings may not be the same. In addition to allowing reinstatement of the employee, payment of back wages and reestablishment of employee benefits, section 31-290a allows a prevailing employee to recover reasonable attorney's fees. It is questionable whether the arbitration proceeding can award this relief.
Secondly, even if the arbitration proceeding on the grievance and the first count of the complaint based on section 31-290a cover similar claims, and their resolution may have some effect on the claims in the second and third counts of the complaint, they are separate and distinct, particularly when the complaint is construed most favorably to the plaintiff, as required on a motion to dismiss. The prior pending action rule does not apply when the two actions are for different purposes or ends, involve different issues or where there is not a strict identity of the parties. Conti v. Murphy, 23 Conn. App. 174, 178, 179. The relief and issues in the two proceedings are different; the grievance was brought by the union, which is not a party to this case.
Third, the prior pending action doctrine is a rule of justice and equity to prevent vexatious litigation, but the rule preventing the second action is not one "of unbending rigor, nor of universal application, nor a principle of absolute law. . ." Beaudoin v. Town Oil Co., supra, 584; Halpern v. Board of Education, supra, 652, 653; Hatch v. Spoffard, 22 Conn. 485, 494 (1853). The plaintiff was required to initiate the arbitration proceeding because failure to do so could be construed as a failure to exhaust available administrative remedies. A series of cases have held that where an employer and an employee have entered into CT Page 1797 a collective bargaining agreement, they must attempt to exhaust exclusive grievance and arbitration procedures such as those contained in the collective bargaining agreement between the employer and the union before bringing an action in court. Daley v. Hartford, 215 Conn. 14, 23; School Administrators v. Dow, 200 Conn. 376, 381, 382; Shortt v. New Milford Police Department, 212 Conn. 294, 304, 310. This action encompasses broader claims than the arbitration proceeding, and it would be inequitable to throw the plaintiff out of court for bringing the more limited arbitration proceeding which she was basically required to have the union initiate before commencing this action.
The plaintiff raises two other appropriate consideration; (1) A non-union employee could file an action under section 31-290a without having to first initiate the grievance and arbitration proceeding; the plaintiff should not be prejudiced from bringing an action because she is also protected by a collective bargaining agreement. (2) If this action had been delayed any longer it might have been subject to a claim that it was barred by the statute of limitations.
Even though dismissal of this action is not appropriate under the circumstances, where arbitration proceedings are available to determine a material issue in dispute between the parties, one of them may request and obtain a stay of proceedings under section 52-409 of the General Statutes. KND Corporation v. Hartcom, Inc., 5 Conn. App. 333, 336; Kantrowitz v. Perlman, 156 Conn. 224, 229. Section 52-409
allows the court to stay the action until the arbitration proceedings have been completed if it is satisfied that any issue involved in the action or proceeding is referable to arbitration under an arbitration agreement between the parties. An order granting a stay under section 52-409 does not terminate the action but merely postpones its disposition. KND Corporation v. Hartcom, Inc., supra, 337. Section 52-409 allows the action to be stayed when any issue in it is also involved in the arbitration proceeding. This is the case here. While the arbitration proceeding does not encompass all of the issues in this action, it covers some of them. The defendants should not, against their will, be compelled to fight a war on two fronts at once.
The motion to dismiss is denied. The motion for stay of proceedings under section 52-409 C.G.S. is granted, and this action is stayed until the arbitration proceedings are concluded or further order of the court.
ROBERT A. FULLER, JUDGE CT Page 1798