[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On August 22, 1991, the plaintiff, Frank Wenzel, filed a one count complaint against the defendants, Loretta Carlson ("Loretta") and Florence Carlson ("Florence") sounding in negligence.
The plaintiff alleges that on October 31, 1989, his car was struck by a car owned by Florence and driven by Loretta, Florence's daughter. The plaintiff further alleges that, at the time of the collision, Loretta was driving under the influence of drugs or liquor, in violation of General Statutes 14-227a; that she was driving in the left-hand lane, in violation of 14-230; and that Loretta was generally careless and negligent in the operation of Florence's car. The plaintiff alleges physical and mental injuries, pain and suffering, loss of income, and that he has incurred and will continue to incur medical and other expenses as a result of Loretta's negligence.
The plaintiff claims damages and double or treble damages in accordance with 14-295.
Attached to the complaint is the proof of service from the Sheriff, which attests to abode service on both defendants on August 16, 1991, at 148 Oneill [sic O'Neil] Road, Oxford, Connecticut. CT Page 2403
The next document in the file is an appearance by Attorney Alfred P. Forino, dated October 29, 1991, on behalf of all defendants. The filing date is stamped November 1, 1991.
Also filed on November 1, 1991, is defendant Loretta Carlson's motion to dismiss on the grounds of insufficiency of service of process and lack of personal jurisdiction. A memorandum of law accompanies the motion. An affidavit of Loretta Carlson regarding her usual place of abode on August 16, 1991 was filed on December 9, 1991.
On November 15, 1991, the plaintiff filed a memorandum of law in opposition to the motion.
At Short Calendar, the plaintiff submitted a copy of an appearance filed by Attorney Forino dated September 18, 1991. This appearance does not name the parties for whom it was filed; nor is there a file date stamped by the clerk's office. Plaintiff also submitted a copy of a letter written by Attorney Forino to plaintiff's attorney, stating that the appearance dated September 18, 1991 was refused by the clerk's office for failure to indicate for whom Attorney Forino was appearing. (Attorney Forino states in his letter that he did not indicate the parties for whom he was appearing because he was attempting to determine whether a conflict of interest existed between the defendants.)
On December 19, 1991, the plaintiff filed an "Amended Return" from the Sheriff. This return states that the Sheriff handed Florence Carlson the Writs, Summonses and Complaints for her and her daughter, Loretta. The return also states that he asked Florence if Loretta lived at 148 O'Neill [sic] Road, Oxford, and that Florence did not tell him that Loretta no longer resided at that address. The return further states that Florence said she would accept the papers for her and her daughter. Defendant Florence Carlson is not a party to this motion.
"The motion to dismiss shall be used to assert. . . (2) lack of jurisdiction over the person. . . ." Practice Book 143. If there is a disputed issue of fact critical to the determination of the motion to dismiss, the court cannot rule based upon documents submitted by the parties; Bradley's Appeal from Probate, 19 Conn. App. 456,466-67, 563 A.2d 1358 (1989); and an evidentiary hearing must be held. Id.
In her memorandum, defendant Loretta Carlson argues that the requirements of General Statutes 52-54 and 53-57(a) have not been met by the plaintiff. The defendant further argues that "although the Sheriff's return is prima facie evidence" that proper service was made, "it may be contradicted by facts shown to be otherwise." CT Page 2404 To this end, the defendant submits her affidavit attesting to the fact that she has not resided at 149 O'Neil Road, Oxford, Connecticut, since February 1990, and did not reside there on August 16, 1991 (the date the Sheriff served Loretta's writ, summons and complaint on her mother, Florence). The affidavit was made and sworn to in the state of Nevada.
In his memorandum in opposition, the plaintiff contends that, 3(1) the motion to dismiss was filed more than thirty days after the original appearance was filed, and (2) Florence accepted service for her daughter Loretta "with the latter's express or implied permission." For these reasons, the plaintiff maintains that the motion should be denied.
The court is of the opinion that the documents submitted by the parties are insufficient to determine the issues raised by the motion and the objection to it. Testimony will be needed from Loretta Carlson on the issue of whether there was express or implied authority from her to permit Florence Carlson to accept service of process.
Accordingly, the motion must be reassigned for further evidentiary hearing.
FLYNN, JUDGE