[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM MEMORANDUM RE: MOTION TO DISMISS (#120)
The defendants have moved to dismiss the plaintiffs' complaint based upon a claim that there is an absence of personal jurisdiction. More particularly, it is claimed that the corporate defendants are foreign and the individual defendants nonresidents, and that none is subject to service of process pursuant to this state's long-arm statute. Additionally, the defendants argue that there are prior pending actions involving the same, or some of the same, party-litigants and legal issues.
During oral argument the parties generally agreed, and the court concurred, that at this time the motion should be considered only as it relates to corporate defendants. This decision was arrived at on the basis of continuing and incomplete discovery relating to the matter of jurisdiction over the individual defendants only.
In retrospect and after consideration of the arguments of counsel and their memoranda of law on file, the court is of the opinion that it improvidently consented to rule on the motion without benefit of an evidentiary hearing on the contested jurisdictional issues. Likewise, a bifurcation of the motion so that it addresses the complaint of only some of the parties, reserving the claims as to the remainder until a later date, will probably result in a duplication of evidence, if not effort, and will certainly militate against concepts of expeditious and economical judicial administration.
Under Connecticut's long-arm statute (33-411) jurisdiction may be conferred over foreign corporations which conduct business within the state (sub. para. (a) and (b)), and, under certain circumstances, "whether or not such foreign corporation is transacting or has transacted business in this state" (sub. para. CT Page 6301 (c)). In the latter connection a foreign corporation must have certain minimum contacts with this state before jurisdiction may attach. Lombard Bros., Inc. v. General Asset Management Co.,190 Conn. 245, 253-55 (1983). The burden of proof as to jurisdiction rests clearly with the plaintiff. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 51-54 (1983).
Whether the corporate defendants transacted business in Connecticut or had the minimum contacts defined raises obvious questions of fact which this court believes should not be resolved without an evidentiary hearing. "It is fundamental that when issues of fact are disputed, due process requires an evidentiary hearing, with the opportunity to present evidence and cross examine witnesses." Bradley's Appeal from Probate, 19 Conn. App. 456,467 (1989).
Accordingly, this court chooses not to rule on the motion and directs that the same be rescheduled for an evidentiary hearing when the issues as to all parties who are the subject of the motion may be considered. The motion is, for further proceedings consistent herewith, continued sine die.
/s/ Gaffney, J. GAFFNEY