[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, George W. Ganim, Jr., filed a seven-count complaint against Mercafe, Inc., a/k/a Mercafe Clearing, Inc. (Mercafe), a New York corporation with its principal place of business in New York, and Robin George, an alleged agent or employee of Mercafe, who resides in Connecticut. The complaint generally alleges that the defendants misused funds that the plaintiff gave to George on behalf of Mercafe for investment CT Page 8026 purposes and seeks damages under various tort and contract theories.
The defendant Mercafe moves to dismiss the complaint as to it on the grounds that the court both lacks personal jurisdiction over it and subject matter jurisdiction over the case.
In support of its motion, Mercafe argues that: Robin George was not its employee or agent when the plaintiff and George entered into a contract; it has never transacted business in Connecticut; and it is not authorized to do business in Connecticut. The defendant contends that, therefore, Connecticut's long arm statute does not reach it. The plaintiff counters that a cancelled check and his affidavit establish Mercafe's contacts with Connecticut. The plaintiff further argues that he only dealt with George and that George was Mercafe's employee or agent. The plaintiff contends that Mercafe was properly served pursuant to General Statutes52-59b, one of Connecticut's long arm statutes.
The sheriff's return evidences that Mercafe was served constructively by leaving process with the Connecticut Secretary of State.
Personal jurisdiction analysis over a foreign corporation involves a two-step inquiry: (1) does the applicable long arm statute authorize the assertion of jurisdiction over the defendant, and (2) does the exercise of jurisdiction violate constitutional principles of due process. Frazer v. McGowan, 243, 246, 502 A.2d 905 (1986).
Where process is served pursuant to a long arm statute and the defendant challenges personal jurisdiction in a motion to dismiss, "it is then incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 52-53, 459 A.2d 503 (1983).
Although the plaintiff cites General Statutes 52-58b as the applicable long arm statute, that statute only applies to "nonresidents and foreign partnerships." Rather, either General Statutes 33-411(c) or 33-519(c) applies, depending if the defendant is a stock or nonstock corporation, respectively, which cannot be determined from the file. These statutes, however, are identical in relevant part for purposes of this motion.
Both statutes authorize jurisdiction over foreign corporations, whether or not they have transacted business or conducted affairs in Connecticut, on any cause of action arising CT Page 8027 out of: (1) a contract made or to be performed in Connecticut; (2) any business solicited by mail or otherwise if the corporation has done so repeatedly; or (3) tortious conduct in Connecticut. General Statutes 33-411(c)(1) and (2) and 33-519(c)(1) and (2). "Under subsection (c), consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 255, 460 A.2d 481 (1983).
The plaintiff's proof of the defendant's contacts with Connecticut consists of his affidavit and a cancelled check made out to Mercafe. The plaintiff attests that on and before March 8, 1990, Robin George represented to him that he worked for Mercafe, and that while in Bridgeport, George solicited him to open an account with Mercafe. He further attests that he executed documents in Bridgeport and that on March 8, 1990, he gave the above-mentioned check to George in Bridgeport. The cancelled check solely reveals that the plaintiff made it out to Mercafe.
On a motion to dismiss, "[i]t is fundamental that when issues of fact are disputed, due process requires an evidentiary hearing, with the opportunity to present evidence and cross-examine witnesses." (Citation omitted.) Bradley's Appeal from Probate, 19 Conn. App. 456, 467, 563 A.2d 1358 (1989); accord Standard Tallow Corp., supra, 56.
The evidence is unclear to establish the existence of a contract between the plaintiff and Mercafe or the attendant circumstances surrounding its execution. Additionally, the evidence is unclear regarding whether Mercafe "repeatedly" solicited business through its alleged agent or employee.
The parties dispute whether George, the only alleged Connecticut connection between the plaintiff and Mercafe, was an employee or agent of Mercafe, and whether Mercafe had other contacts with this state. Therefore a hearing is necessary before it can be determined whether jurisdiction is authorized by a long arm statute, and also whether exercising jurisdiction would comport with due process principles.
In support of its subject matter jurisdiction argument, Mercafe argues that a contract between the parties includes an arbitration clause, which deprives the court of subject matter jurisdiction over the case. The plaintiff argues that its complaint alleges disputes that are not within the arbitration agreement. CT Page 8028
Although Mercafe states in its memorandum that the contract is attached to the memorandum, the file contains no such contract, and therefore, the court cannot rule on Mercafe's claim and the motion based on the subject matter jurisdiction ground is denied.
In conclusion, a hearing to take evidence of Mercafe's contacts with Connecticut is required, and a ruling on the personal jurisdiction issue raised by the defendant must be postponed until that time. The motion to dismiss insofar as it raises lack of subject matter jurisdiction is denied. Because it involves the taking of evidence and not simply principles of law, the motion to dismiss should be claimed for the miscellaneous or special proceedings calendar.
So Ordered.
Dated at Bridgeport, Connecticut this 26 day of August, 1992.
WILLIAM B. LEWIS, JUDGE