[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE JUDGMENT
It is the judgment of the court that the appeal should be dismissed as the plaintiff is not aggrieved and the appeal is premature as to the claim of disqualification.
The court also decides that as it is exercising its appellate function regarding the appeal from probate there is no subject matter jurisdiction over the counterclaim alleging abuse of process.
1
Addressing the counterclaim for abuse of process first, it should be noted that when it takes an appeal from the Probate Court, the Superior Court does not exercise its general powers in law and equity but sits only exercising the powers of a probate court, Hewitt's Appeal, 53 Conn. 24,35 (1955). Certainly this counterclaim could not have been entertained in the probate court. Also, Practice Book § 116 permits counterclaims only "in any actions for legal or equitable relief — this is an appeal from probate so the court has no subject matter jurisdiction to hear this counterclaim.
2
The plaintiff is the devisee by will of certain properties. This appeal is from the action of the probate court in allowing the executor to resign although the plaintiff had filed a petition in that court asking that the executor be removed for cause. The relief demanded is that the court vacate the probate court order allowing this individual to resign and that a hearing be had in Superior Court on the plaintiff's demand that this prior executor be removed for cause.
The very statement of the issue would seem to indicate the matter is moot since the executor in question is no longer acting as such.
However the court also believes the aggrievement issue can be decided on the basis of the allegations of the CT Page 8375 complaint. The plaintiff makes a series of claims against the prior executor which in effect claim he had personal problems which led him to make numerous decisions about handling of the estate's affairs and defending it against claims which were extremely detrimental to the financial interests of the estate. Heirs at law can certainly qualify as aggrieved parties. But merely because such a party questions or appeals an order or decree of the court that should not mean they should be entitled to a hearing on the merits if they have no justiciable claim. The statutory provisions permitting appeal from probate court require a plaintiff:
 . . . "to state in its appeal the interest which it claimed had been adversely affected, so that the question of aggrievement could be determined therefrom on the basis of whether a possibility as distinguished from a certainty existed that some legally protected interest which the plaintiff had in the estate had been adversely affected by the order or decree appealed from."
Park Construction Co. v. Knapp, 150 Conn. 588, 593 (1963).
Here the executor complained of has been removed. He is subject to suit for any actions on his part that caused harm to the estate and where those actions are found to have been tortious. His claim for fees has not yet been approved and this claim can be resisted on the grounds alleged in this appeal in the probate court.
The plaintiff in her argument and offer of proof appeared to be only requesting a removal for cause hearing in Superior Court because this would give her some undefined advantage in any future court or probate proceedings against this executor or in resistance to any claims he may have against the estate for fees. Since this individual is not a party to this appeal it is difficult to understand how any removal for cause order by this court would have any bearing on such future proceedings. Also the fact remains the man has been removed as executor. Certainly a hearing in this court to remove for cause would not seem to be appropriate.
But even assuming this matter was properly before the CT Page 8376 court there would appear to be no basis for the claim in the merits.
Section 45a-242 (b) c.g.s.a. reads as follows:
 "Resignation of fiduciary. The court of probate, after notice and hearing, may accept or reject the written resignation of any fiduciary, but such resignation shall not be accepted until such fiduciary has fully and finally accounted for the administration of his trust to the acceptance of such court." (Emphasis added)
This is admittedly not a model of clarity. It is also true that there is a right to appeal "from every order, denial or decree of the probate court." Weisne's Appeal,39 Conn. 537, 538 (1873). In this case the executor submitted his accounting. The parties did not dispute the fact that it was not appealed from but the executors and attorney's claim for fees has not yet been settled. The defendant argues under these circumstances the accounting has been submitted for the purposes of triggering the right of the probate court to accept the resignation. There are no cases directly on point but dicta in one case indicates that under the resignation statute all that is necessary is that a formal sworn accounting be submitted before a resignation can be accepted. In Bradley's Appeal FromProbate, 19 Conn. App. 456 (1989) there was an appeal from the appointment of a temporary administrator because the bank, which had been the administrator, was permitted to resign but hadn't "yet filed a formal sworn accounting pursuant to general statute § 45-263(b)" (predecessor statute to § 45a-241(b)). The court held that the powers and duties of temporary administrators are governed by a different statute than § 45-263(b) so that "the termination of the temporary administrators fiduciary power over the estate is not contingent on the production of an accounting but automatically terminates upon the qualification of the executor." 19 Conn. App. 456 at page 465. A rule that forbade the acceptance of a resignation without a complete settlement of the accounting and final acceptance of the claims made under it would give little added protection to the estate and force the probate court to hold what may be protracted hearings on removal for cause. The court holds then that the provisions of Section 45a-242(b) were not CT Page 8377 violated by the acceptance of the resignation. And again it is difficult to see how the plaintiff can claim she was aggrieved because this executor was allowed to resign improperly without a hearing to remove him for cause in probate cause. She only seeks here to remove this individual for cause which would require the affairs of the estate to be thrown into some degree of chaos since to permit this hearing the order accepting his resignation would have to be vacated — in effect reinstating this individual while the removal for cause hearing goes on in this court. And the only purpose for all this would be to give the plaintiff some undefined advantage in resisting this former executor's claim for fees in probate court and to aid perhaps in any suit against him. There is no basis to find aggrievement as to the first count; the plaintiff has no legally protected interest which should be afforded protection through the claims made in this court.
The plaintiff in the second and third counts seeks the disqualification of the attorneys now representing the estate. These attorneys were originally hired by the executor who resigned and they continue to be represented by the current executrix. The plaintiff in this complaint alleges as a reason for disqualification that these attorneys represented the former executor in many of the suits and complaints that in the first count form the basis of the plaintiff's claim that this executor should have been removed for cause. These attorneys also are winding up the practice of the former executor who is now on inactive status.
These allegations of the complaint are premature in the sense that the only situation in which these factors might cause concern is if the fees of this executor were to be contested in probate court. Counsel had represented to the court that he will disqualify his firm from representing the executor as to these fees and recognizes that the estate would then have to hire other counsel. The attorneys have disclosed the prior and present relationship to the former executor, Acheson v. White, 195 Conn. 211,214-215 (1985), have represented they will not represent the executor as to these claims and in any event the real parties in interest to raise any question about the representation would seem to be the former executor or the estate, Tomczuk v. American Mutual Insurance Co., 9 Conn. App. 194, CT Page 8378 197 (1986). Also an award of fees can be resisted in probate court and any order as to fees can be later appealed to the Superior Court. Haywood v. Plant,98 Conn. 374 (1922), Main's Appeal, 73 Conn. 638 (1901).
The plaintiff also claims in the third count that there is a conflict of interest because the lawyers representing the estate have put in a claim for fees and that the continuing representation of the estate by attorneys who have a claim for fees against the estate would be inappropriate.
These attorneys have a right to charge the estate for their services. Because an heir or any other interested party contests the amount of their fees, the skill of their representation, or the nature of the advice they have given to the estate or to a former executor it is not appropriate to permit their disqualification by an action in Superior Court on an appeal. There is no indication the plaintiff has sought the removal of these attorneys in probate court. If the plaintiff wishes to contest their fees at any future probate court proceedings, the issue of the propriety of their continued representation of the estate in that court may or may not come up depending on the claims made by the plaintiff or any other interested party.
Judgment is granted for the defendant on all counts of the plaintiff's appeal.
Corradino, J.