[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 18, 1995
The defendant, State of Connecticut Office of Policy and Management (OPM), moves to dismiss this appeal filed by the plaintiff, Town of East Granby, on the ground that the plaintiff failed to file its appeal within the statutory time limit imposed by General Statutes § 12-19b.[1]
OPM administers the Payment in Lieu of Tax (PILOT) grant program established by the legislature in General Statutes §§ 12-19a through 12-19c. The PILOT program is a grant in lieu of taxes on state-owned property. OPM, on or before January first of each year, determines the amount of the grant due the town in lieu of taxes. General Statutes § 12-19a. The amount payable to each town is "twenty percent of the property taxes which would have been paid with respect to all other state-owned real property . . ." General Statutes § 12-19a(a)(2).
In this case, the real estate is located in East Granby and known as Bradley International Airport.
The plaintiff alleges in its appeal that the assessed valuation on the grand list of 1991 was $93,671,570 and that on September 1, 1994, the defendant notified the plaintiff town of an audit adjustment of the assessed valuation reducing the assessment to $44,822,610. The plaintiff town alleges that the reduction in the assessed valuation by the defendant is inaccurate, illegal, and an abuse of discretion. The plaintiff town alleges that it is aggrieved by the action of the defendant and seeks relief. The plaintiff duly served and filed its appeal on September 15, 1994 within two weeks of the September 1, 1994 notification.
The defendant, in its memorandum in support of its motion to dismiss, raises factual matters not alleged in the appeal. The defendant claims that it filed a notice dated September 1, 1993 with the town that OPM had reduced the valuation of the subject property CT Page 4216-H from $93,671,570 to $44,162,160. The defendant claims that no appeal was taken by the town from this September 1, 1993 notice. The defendant further claims that on September 1, 1994 a further notice was sent to the town stating that the "notice informed plaintiff of an increase in the assessed value of state-owned property on the 1991 Grand List . . ." The defendant argues, in its motion to dismiss, that the town cannot take an appeal if OPM has increased the assessed value of the property rather than decreasing the value.
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Practice Book § 143. The motion to dismiss admits all facts well pleaded, invokes the existing record and must be decided on that alone. Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
General Statutes § 12-19b provides that any town aggrieved by OPM's reevaluation of state owned property within its borders may appeal to the Superior Court within two weeks from the date of the notice from OPM.
The defendant claims that the plaintiff is not aggrieved by the notice of September 1, 1994 because it was a notice of an increase to the town's assessment, not a reduction in the assessment. The defendant misconstrues the meaning of the notification of September 1, 1994. This notice, exhibit A-3 to the defendant's memorandum of law, recited that the valuation reported by the town was $93,671,570 but that OPM valued the property at $44,822,610. Although $44,822,610 is higher than the $44,162,160 set by OPM as the value of the property in the September 1, 1993 notice, the plaintiff has a right to contest the reduction in value from $93,671,570 to $44,822,610. The defendant cannot defeat the statutory right of the town to appeal OPM's determination of value by construing the notice of September 1, 1994 simply as a notice of increase, rather than a notice of decrease.
The Town of East Granby is required each year, and CT Page 4216-I no later than April first, to provide OPM with the assessed valuation of state-owned property as of the first day of October immediately preceding. See General Statutes § 12-19b. Section 12-19b also provides that the secretary of OPM "may on or before the first day of September of the state fiscal year in which the grant is payable reevaluate any such property . . . and shall notify the town of such reevaluation."
The Town of East Granby, pursuant to § 12-19b, provided OPM with an assessed valuation on the 1991 grand list of $93,671,570 as alleged in the plaintiff's complaint. The plaintiff has also alleged that the assessed valuation was reduced to $44,822,610. These allegations meet the requirements of § 12-19b, which authorizes the plaintiff to appeal from the reduction in value.
Basically, the defendant challenges the factual allegations in the plaintiff's complaint and the inferences to be drawn therefrom. "It is fundamental that when issues of fact are disputed, due process requires an evidentiary hearing, with the opportunity to present evidence and cross-examine witnesses. Nelson v.Nelson, 13 Conn. App. 355, 367, 536 A.2d 985 (1988);Lampasona v. Jacobs, 7 Conn. App. 639, 642-43,509 A.2d 1075 (1986)." Bradley's Appeal from Probate,19 Conn. App. 456, 467, 563 A.2d 1358 (1989). In considering the merits of a motion to dismiss, a court cannot make critical factual findings based only on the briefs of the parties, supplemented by documents submitted.Id. Since the defendant challenges the factual allegations in the plaintiff's complaint without an evidentiary hearing, the motion to dismiss must fail.
Accordingly, the defendant's motion to dismiss is denied.