[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this action the plaintiff seeks compensatory and punitive damages for the "false and malicious" publication of a letter allegedly authored by the defendant.
The defendant moves to dismiss the action on the grounds that he is immune from liability under General Statutes § 4-165 and under the doctrine of sovereign immunity.
A motion to dismiss is the proper vehicle to raise the defense of sovereign immunity. Duguay v. Hopkins, 191 Conn. 222,227 (1983). Unlike a motion to strike, a motion to dismiss does not require the court to assume the truth of the allegations of the complaint. In fact, if there is a dispute or issue of fact critical to determining the motion, an evidentiary hearing must CT Page 7836 be held. Bradley's Appeal from Probate, 19 Conn. App. 456, 467
(1989).
Here the defendant claims that the complaint and the attached exhibit allege that the defendant, a correctional plumber at New Haven correctional center, published a false and malicious letter to Major Desarenda, a supervisor at the facility, about the plaintiff, who is also a correctional plumber. A review of the complaint and exhibit does not reveal those facts. In fact the complaint alleges nothing about the parties' employment status and location of the incident. Further, the plaintiff has filed an affidavit averring the event did not take place in the course of the defendant's employment. Under General Statutes § 4-165, "no state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment."
In light of the factual dispute, as well as the issue of whether the publication was "malicious" as alleged in the complaint, the court denies the motion without prejudice to reclaim for an evidentiary hearing on these issues.
DiPentima, J.