## PEGGY PISCH *v.* RAYMOND PISCH
## (3978)

HULL, DALY and BIELUCH, Js.

Argued April 1—decision released June 17, 1986

*Louis Kiefer,* for the appellant (defendant).

*Christine M. Whitehead,* for the appellee (plaintiff).

DALY, J. This case involves two appeals filed by the defendant.[1] The first was taken from the denial by the

---

[1] The appeals were filed on March 1, 1985, and September 12, 1985. This court advised the defendant that his second appeal (originally assigned

trial court, *Kelly, J.,* of the defendant's motions for contempt and modification of the judgment of dissolution concerning custody, alimony and visitation. The second appeal was taken from the denial by the trial court, *Spada, J.,* of the defendant's subsequent motion to modify the judgment and his "motion for *Yontef*-type orders."[2]

On April 19, 1982, a judgment of dissolution of marriage between the parties was rendered which provided in part that custody of the minor child be awarded to the plaintiff wife, Peggy Pisch, subject to the defendant's right of reasonable visitation. The modification, ordered July 11, 1983, set forth a visitation schedule for the defendant including two nonconsecutive weeks in the summer plus two weekly phone calls. On December 19, 1984, the defendant filed a motion for contempt and a motion to modify the judgment concerning custody, alimony and visitation. Both motions alleged that the plaintiff had removed the child to places unknown, thereby effectively denying the defendant visitation. The motion to modify requested that the defendant be awarded custody. The trial court, *Kelly, J.,* denied both motions, from which order the defendant appealed on March 1, 1985.

While that appeal was pending, the defendant located the plaintiff and child in Florida. As a result, the defendant filed another motion for custody on June 28, 1985, claiming that the child was being neglected and was in an improper environment. The defendant also moved

docket no. 4483) would be treated as an amended appeal pursuant to Practice Book § 3062.

[2] *Yontef* orders are protective orders rendered by the trial court during the immediate postjudgment period in disputed custody cases to "ensure an orderly transition that protects the primary interests of the children in a continuous, stable custodial placement." See *Yontef* v. *Yontef*, 185 Conn. 275, 291–94, 440 A.2d 899 (1981).

for immediate custody by a motion for *Yontef*-type orders filed July 25, 1985. Under the guise of negotiating a settlement, the defendant successfully obtained the physical custody of the minor child. On August 23, 1985, the trial court, *Spada, J.,* denied the defendant's motion for custody, ordered him to return the child to the plaintiff, modified the visitation schedule and restricted the plaintiff from removing the child from Florida without first notifying the defendant ninety days in advance. The defendant filed his amended appeal from these orders.

## The Original Appeal

On November 15, 1985, the trial court, *Kelly, J.,* filed an articulation concerning his custody order which, in its entirety, provided that "[t]he moving party did not present any credible evidence that the plaintiff mother was in contempt of a court order." The defendant failed to file any motion for further articulation under Practice Book § 3082 which provides in relevant part that "[a]ny motion seeking corrections in the transcript or the trial court record which depend on proof of matters not of record or seeking an articulation or further articulation of the decision of the trial court shall be made in the first instance to the judge of the trial court whence the appeal is taken or the reservation is made. . . ."

A motion for contempt invokes the trial court's exercise of discretion. *Schurman* v. *Schurman,* 188 Conn. 268, 273, 449 A.2d 169 (1982). The burden is on the appellant to ensure that the appellate court is provided with an adequate record to review the claims of error. *State* v. *Conrod,* 198 Conn. 592, 597, 504 A.2d 494 (1986); *State* v. *Tyler-Barcomb,* 197 Conn. 666, 676, 500 A.2d 1324 (1985). The defendant has failed to present us with a record sufficient to support his claim of con-

tempt against the plaintiff. We find no error, therefore, in the trial court's refusal to hold the plaintiff in contempt.

The defendant moved for custody alleging that four relocations by the plaintiff within four years, along with the denial of visitation, entitled the defendant to custody since he is a caring father. The most important consideration in matters of custody is always the welfare of the child. *Hall* v. *Hall,* 186 Conn. 118, 121, 439 A.2d 447 (1982); *Emerick* v. *Emerick,* 5 Conn. App. 649, 659, 502 A.2d 933 (1985). "In making this determination, the trial court is vested with broad discretion which can only be interfered with upon a clear showing that that discretion was abused." *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 541, 429 A.2d 801 (1980); *Spicer* v. *Spicer,* 173 Conn. 161, 162, 377 A.2d 259 (1977). "The burden of proving a change to be in the best interest of the child rests on the party seeking the change. . . . 'It is settled that the determination of the custody of a minor child rests largely in the discretion of the trial court, and its decisions cannot be overridden unless it abused its discretion.' " *Kearney* v. *State,* 174 Conn. 244, 249–50, 386 A.2d 223 (1978). In modification cases, we afford great weight to the trial court's actions, allowing every reasonable presumption to be made in favor of its correctness, because it is in a better position to assess the personal factors in a domestic relations case such as the demeanor or attitude of the parties at the hearing. *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981).

The defendant claims that he should be relieved of any support payments since he has been denied visitation. " 'The duty to support is wholly independent of the right of visitation.' " *Bozzi* v. *Bozzi,* 177 Conn. 232, 238, 413 A.2d 834 (1979); *Raymond* v. *Raymond,* 165 Conn. 735, 742, 345 A.2d 48 (1974). "[T]he plaintiff's

failure affirmatively to keep the defendant informed as to the whereabouts of the child did not terminate the defendant's duty to support [the child.]" *Brock* v. *Cavanaugh,* 1 Conn. App. 138, 142, 468 A.2d 1242 (1984). "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party." *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); see General Statutes § 46b-86 (a). The defendant presented no evidence of his own financial circumstances or that his situation had changed since the entry of the original court order regarding finances. The trial court did not abuse its legal discretion in refusing to modify the custody and concomitant financial awards.

## THE AMENDED APPEAL

The defendant claims that the trial court, *Spada, J.,* expanded the defendant's request for a temporary *Yontef*-type order[3] for custody into a permanent order and that the trial court failed to appoint an attorney to represent the minor child upon the defendant's request.

The defendant overlooks the fact that in addition to filing a motion for *Yontef*-type orders for immediate custody, he had also requested a trial on the issue of custody. The trial court indicated that it would consider all matters, including the motions for contempt filed by both parties, because the principal issue was custody of the minor child. The trial court denied the defendant's motion to modify custody, set up a visitation schedule, kept the unallocated alimony and support order intact, and forbade the plaintiff from removing the child from Florida without giving ninety

---

[3] See footnote 2, supra.

days notice to the defendant. The defendant was also made responsible for one half of the unreimbursed medical expenses of the child.

"This court has consistently held in matters involving child custody, and, by implication, visitation rights, that while the 'rights, wishes and desires of the parents must be considered it is nevertheless the ultimate welfare of the child which must control the decision of the court.' " *Ridgeway* v. *Ridgeway,* supra. Once the issue of custody had been resolved, a visitation schedule and an order for the payment of transportation costs were necessary concomitant orders since the parties are now living hundreds of miles apart as opposed to the ten miles at the time of dissolution. In addition, requiring each party to be responsible for one half of the unreimbursed medical and dental expenses did not amount to an abuse of discretion.

The defendant claims that the trial court erred when it failed to grant his oral motion made at the time of trial for the appointment of an attorney for the minor child. "The purpose of appointing counsel for a minor child in a dissolution action is to ensure independent representation of the child's interest and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation." *Schaffer* v. *Schaffer,* 187 Conn. 224, 225 n.1, 445 A.2d 589 (1982). Whenever child custody is seriously contested, it is preferable to appoint independent counsel. *Yontef* v. *Yontef,* 185 Conn. 275, 284, 440 A.2d 899 (1981). "Generally, appointment of counsel for minor children rests within the discretion of the court. See General Statutes §§ 46-43 and 46-47. . . . It may be inferred that appointment of an attorney for the child was dispensed with in the interest of speed and efficiency. . . . However, the failure of the court to appoint an attorney was not such a clear abuse of discretion that [a party] would

be entitled to reversal on that ground." *Kearney* v. *State,* supra, 251. Here, the age of the child, the arrangements involved and the last minute request were factors properly weighed by the court.

There is no error.

In this opinion the other judges concurred.