RONNIE MAEBRY *v.* WILLIAM MCNEIL ET AL.
(5281)

DALY, NORCOTT and FOTI, Js.

Submitted on briefs November 19, 1987—decision released January 5, 1988

*Max F. Brunswick* filed a brief for the appellants (defendants).

*David M. Lesser* and *William H. Clendenen, Jr.,* filed a brief for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendants from a judgment rendered after a trial to the court which resulted in an award of damages to the plaintiff. The defendants claim that there was insufficient evidence to support the trial court's findings (1) that the fire in question was caused by a defective furnace under the control of the defendants, and (2) that the fire was the proximate cause of the plaintiff's injuries. We find no error.

The court could reasonably have found the following facts. In 1983, the defendants owned a building at 97-99 Sheffield Avenue, New Haven. The plaintiff was the first floor tenant with other tenants occupying the second and third floors. The basement of the building contained three furnaces; each furnace supplied heat to an apartment on one of the floors.

On the evening of November 16, 1983, at approximately 10 p.m., a fire started in the basement of the building. The plaintiff, in an attempt to extinguish the fire, repeatedly poured water through a broken window in the basement. As a consequence of these efforts, the plaintiff sustained severe injuries to his right wrist and hand. The plaintiff required surgical treatment for his injuries, and remains permanently scarred.

The court found that the cause of the fire was a defective furnace, which the defendants negligently maintained. The court concluded that an excessive amount of fuel was brought into the furnace's chamber before ignition, and when the fuel finally ignited, an explosion resulted which caused the fire.

The defendants' first claim is that there was insufficient evidence to support a finding that their negligence caused the fire. At trial, the named defendant, William McNeil, testified that the fire was started by the furnace for the second floor apartment and that it was the defendants' responsibility to maintain the furnace. In addition, two members of the New Haven fire department testified that the fire had started because of a faulty fuel gun in the furnace.

"[T]he issues of negligence and contributory negligence are ordinarily ones of fact. See *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 331, 430 A.2d 1 (1980); *Salvatore* v. *Milicki,* 163 Conn. 275, 279, 303 A.2d 734 (1972)." *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983). We will not disturb the factual findings of the court unless they are clearly erroneous; *Rodriguez* v. *New Haven,* 183 Conn. 473, 476–77, 439 A.2d 421 (1981); nor will we substitute our judgment for that of the trier. *State* v. *Navikaukas,* 12 Conn. App. 679, 683, 533 A.2d 1214 (1987). Here, there was ample evidence to support the court's conclusion that the fire resulted from the defendants' negligence.

The defendants' second claim is that the trial court erred in finding the fire was the proximate cause of the plaintiff's injuries. Our Supreme Court has held that an appellate court cannot find facts nor draw conclusions from primary facts found, but can only review such findings to see whether they might be legally, logically and reasonably found. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Brody* v. *Dunnigan,* 162 Conn. 605, 608, 291 A.2d 227 (1971); *Waterford* v. *Grabner,* 155 Conn. 431, 434, 232 A.2d 481 (1967); *Wiegert* v. *Pequabuck Golf Club, Inc.,* 150 Conn. 387, 391, 190 A.2d 43 (1963). "It is well settled that it is the province of the trier of fact to weigh the evidence presented and to determine its credibility and effect. *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 359, 294 A.2d 305 (1972)." *Reynolds* v. *Ramos,* 188 Conn. 316, 320, 449 A.2d 182 (1982).

The issue of proximate cause is ordinarily a question of fact for the trier. The test for finding proximate cause is whether the harm which occurred was a foreseeable risk created by the defendants' negligence. *Tetro* v. *Stratford,* 189 Conn. 601, 605, 458 A.2d 5 (1983).

The trial court found that the defendants' negligence caused the fire. It also found that the plaintiff's injuries were the proximate result of the fire. Finally, the court concluded that the plaintiff had acted reasonably under the circumstances in attempting to extinguish the fire.

In this case the factual findings of the court were supported by the evidence.

There is no error.