KATZ REALTY, INC. *v.* NORWALK
FABRICATORS, INC. ET AL.
(5895)

BORDEN, STOUGHTON and FOTI, Js.

Argued March 2—decision released May 10, 1988

*Robert A. Slavitt,* for the appellant (named defendant).

*Lawrence D. Church,* for the appellee (plaintiff).

*M. Jeffrey Spahr,* for the appellees (defendant city of Norwalk et al.).

FOTI, J. This is an appeal by the named defendant, Norwalk Fabricators, Inc.,[1] from a judgment rendered in favor of the plaintiff in a suit commenced to recover a real estate commission. The action was heard by an attorney trial referee. The defendant filed an objection

---

[1] For purposes of this opinion, the named defendant will be referred to as the defendant. The city of Norwalk and the Norwalk Redevelopment Agency were also defendants in this action.

to the acceptance of the referee's report by the trial court. An amended objection was subsequently filed which the trial court treated as a motion to correct. The referee declined to amend his report. The court accepted the referee's report and rendered judgment for the plaintiff. The defendant claims that the trial court erred (1) in rendering judgment on grounds that were not pleaded, (2) in accepting the referee's report which contained facts which were inconsistent with the conclusions drawn, and (3) in accepting the referee's report which the defendant alleges erroneously found a valid contract to exist. We find no error.

The following facts are relevant for this appeal. The plaintiff entered into a written listing agreement with the defendant on January 26, 1979, to negotiate the sale of certain real estate owned by the defendant. Pursuant to the listing agreement, the plaintiff secured buyers for the property. These buyers were the defendant city of Norwalk (city) and the defendant Norwalk Redevelopment Agency (redevelopment agency). The defendant subsequently entered into a land sale contract with the redevelopment agency and in that contract shifted responsibility for payment of any commission owed from itself to the redevelopment agency. The broker's commission for the sale was $11,500. The defendant's answer to the complaint admitted all of the allegations in the complaint with the exception of one paragraph which was merely an arithmetical calculation of the commission due the plaintiff. The defendant admitted that the commission was due the plaintiff and that it had not been paid. By its cross complaint, the defendant alleged that the redevelopment agency was liable for the commission due. The referee found that the defendant's pleadings constituted a judicial admission of liability, conclusive on the pleader, and proceeded to the issue of whether the obligation to pay the broker's commission should be shifted to the

redevelopment agency or paid by the defendant. The referee found that the redevelopment agency had relied on a representation made by the defendant in the contract for sale which stated that no broker or agent had any exclusive sale or exclusive agency listing for the sale of the premises. The referee concluded that the defendant was equitably estopped from claiming that the redevelopment agency was liable for the commission.

In accepting the trial referee's report the court rendered judgment in favor of the plaintiff on its complaint against the named defendant. The court also found in favor of the defendant city and the defendant redevelopment agency on the cross complaint brought by the named defendant.

The defendant claims that the trial court erred in concluding that an exclusive listing agreement controlled when the plaintiff had not pleaded or sought relief on this theory. There is no basis for this claim by the defendant, as the record clearly supports the referee's conclusion that the plaintiff and the defendant had entered into a listing agreement and that the plaintiff had secured a buyer ready, willing and able to buy, which in fact purchased the property in accordance with the terms established by the seller. Since the defendant admitted liability by its answer, this constituted a judicial admission which the defendant cannot now deny. *Rodearmel* v. *Rodearmel,* 173 Conn. 273, 275, 377 A.2d 260 (1977). The referee's conclusion that the plaintiff had earned its commission was based on its factual determination that the plaintiff had procured a purchaser on terms acceptable to the owner. "[A] broker who has, in accordance with a listing contract, found a purchaser ready, willing and able to purchase, on the owner's own terms, is entitled to its commission . . . ." (Citations omitted.) *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 242, 440 A.2d 306 (1982).

Because the trial referee acted within the framework of the claims set out in the plaintiff's complaint and admitted by the defendant's answer, the referee acted properly and within jurisdictional limits.

The defendant next contends that the findings of fact made by the referee and accepted by the trial court are inconsistent with the conclusion that the redevelopment agency is not liable for the commission. The defendant concedes that judgment in favor of the plaintiff should be sustained, but contends that recovery should be against the city.[2]

A trier of fact has broad discretion and the exercise of that discretion will be upheld unless there exists manifest abuse or it will result in an injustice. *Maresca* v. *Allen,* 181 Conn. 521, 522, 436 A.2d 14 (1980). The referee found[3] that the representation made by the defendant in paragraph fifteen of the purchase agreement[4] that no broker or agent had an exclusive listing on the premises was manifestly incorrect. Whether the city knew or might have known that there was a possible

---

[2] The defendant city of Norwalk and the defendant Norwalk Redevelopment Agency agreed that they would be treated as a single entity for purposes of this issue.

[3] Paragraph eleven of the trial referee's report states: "The seller's representation to the purchaser, as per paragraph fifteen of the contract, that no broker or agent has any exclusive sale or exclusive agency listing on the premises is, perhaps technically correct in that, at the time of the contract there was no such exclusive; but, it was manifestly incorrect in that there had been an exclusive with the commission due pursuant to that exclusive not payable until the sale of the property was consummated."

[4] Paragraph fifteen of the purchase agreement provides: "The Seller represents to the Purchaser that no broker or agent has any exclusive sale or exclusive agency listing on the premises. The Purchaser (jointly and severally, if more than one) hereby agrees to indemnify and hold harmless the Seller against the claim of any broker or agent for a commission due by reason of the sale, where it is alleged that said broker or agent called the premises to the Purchaser's attention as interested the Purchaser therein, said indemnity to include all costs of defending any such claim, including reasonable attorney's fees. This indemnification and representation shall survive the delivery of the deed of conveyance."

claim by a broker, or that it knew that the property was being shown by the plaintiff, is not inconsistent with the conclusion that the defendant was equitably estopped from shifting liability for the commission to the city. "[T]here are two elements which must be established in order to find an estoppel: one party must do or say something that is intended or calculated to induce another into believing in the existence of certain facts and to act upon that belief and the other party must thereby actually change his position or do some act to his injury which he would otherwise not have done." *John F. Epina Realty, Inc.* v. *Space Realty, Inc.,* 194 Conn. 71, 85, 480 A.2d 499 (1984). The referee found that the defendant had made an express representation that there was no broker's agreement for the subject property and that this representation was made for the purpose of inducing the city to act in reliance thereon. An appellate court cannot find facts or draw conclusions from primary facts found, but may only review such findings to see whether they might be legally, logically and reasonably found. *Maebry* v. *McNeil,* 13 Conn. App. 167, 169, 534 A.2d 1256 (1988). We cannot conclude that the trier acted illegally in reaching the factual conclusions it reached from the evidence presented.

Finally, the defendant claims that the referee erred in finding that a valid contract existed. The defendant contends that there had been no meeting of the minds regarding an essential element because the parties continued to negotiate as to whether certain cranes would be part of the sale. The referee treated the issue of the cranes as insignificant. The defendant argues that this was a material term of the contract which remained outstanding at the time that the listing agreement expired. Although the trial referee was apparently aware of the negotiations among the parties concerning the cranes, as evidenced by the various exhibits

attached to his report, there is no mention of those negotiations in his report. The defendant did not move for correction to include such a finding. Accordingly, the defendant has not met its burden of providing an adequate record for this court to find that the trial court committed error. *Pisch* v. *Pisch,* 7 Conn. App. 720, 722, 510 A.2d 455 (1986); *Keppel* v. *BaRoss Builders, Inc.,* 7 Conn. App. 435, 438, 509 A.2d 51, cert. denied, 201 Conn. 803, 513 A.2d 698 (1986). We, therefore, decline to review this claim.

There is no error.

In this opinion the other judges concurred.