[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On February 21, 1992, plaintiffs Daniel and Paula Siecienski filed a two count complaint against defendant Carrie A. Wilson sounding in negligence. In count one, plaintiffs allege that defendant was operating a motor vehicle and struck plaintiff Daniel Siecienski's car from the rear causing Daniel Siecienski injuries. Count two is a claim for loss of consortium on behalf of Daniel Siecienski's wife, Paula.
On March 11, 1992, defendant filed an answer and a special defense. On April 14, 1992, plaintiffs filed a reply, thereby closing the pleadings.
On September 9, 1992, plaintiffs filed a motion for summary judgment on the issue of liability on the ground that there is no genuine issue of material fact. On the same day, plaintiffs also filed an accompanying memorandum of law together with a supporting affidavit from plaintiff Daniel Siecienski, a copy of a police report and a deposition transcript.
Plaintiff Daniel Siecienski's affidavit states in pertinent part the following:
 7. The collision was due to the negligence of defendant Carrie Wilson in that she was operating the motor vehicle at a rate of speed that was unreasonable, improper and excessive having regard for the width, traffic and use of the highway, in violation of Section 14-218a, Connecticut General Statutes; in that she was inattentive and failed to keep a proper lookout; in that she failed to keep and operate said motor [sic] under proper control; in that she failed to reduce the speed of the CT Page 281 motor vehicle although reasonable care required her to do so; in that she failed to make timely application of brakes on said motor vehicle to avoid the collision; in that she was following the motor vehicle operated by plaintiff Daniel Siecienski more closely than was reasonable and prudent, having regard for the conditions then prevailing, in violation of Section 14-240(a).
Plaintiff Daniel Siecienski's Affidavit.
On October 7, 1992, defendant filed an objection to the motion for summary judgment along with a memorandum of law, an affidavit from defendant Carrie A. Wilson, and a deposition excerpt.
Defendant Carrie A. Wilson's affidavit states in pertinent part the following:
 6. While I did see Plaintiff's left signal light operating, I did not see Defendant's brake lights.
 7. An accident then occurred where my vehicle struck the rear of Plaintiff's vehicle.
 8. It was raining heavily at the time of the accident.
Defendant Carrie A. Wilson's Affidavit.
A motion for summary judgment may be used to challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Summary judgment shall be rendered "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
CT Page 282 (1987). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." (Citations omitted). Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., 247, quoting Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
Plaintiffs simply restate the ground for their motion in their memorandum and do not cite any authority.
Defendant argues in her memorandum that negligence cases generally are not appropriate for summary adjudication. Defendant also contends that the affidavits submitted by both parties indicate that a material issue of fact exists regarding whether defendant's actions were unreasonable.
"[N]egligence has long been defined as `the failure to use that degree of care for the protection of another that the ordinarily reasonably careful and prudent [person] would use under like circumstance.'" (Citations omitted.) Brown v. Branford, 12 Conn. App. 106, 108, 529 A.2d 743 (1987). Negligence is generally a question of fact. Maebry v. McNeil,13 Conn. App. 167, 168, 534 A.2d 1256 (1987). Thus, "[i]ssues of negligence are ordinarily not susceptible of summary ajudication but should be resolved by trial in the ordinary manner." (Citations omitted.) Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403 (1972).
The supreme court has held that when an affidavit in a negligence action regarding a motor vehicle collision is insufficient to resolve the question "of whether the defendant met the requisite standard of care under the circumstances, particularly those relating to whether he had a reasonable opportunity to avoid the collision," the action is not proper for summary adjudication. Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984).
In the instant case, the plaintiff Daniel Siecienski's affidavit avers that the defendant operated her vehicle in a negligent manner. The defendant's affidavit, on the other hand, indicates that she did not see the plaintiff's brake lights and that it was raining heavily at the time of the collision. Under CT Page 283 these circumstances, the court must conclude that exists a genuine issue of fact and that summary judgment is inappropriate.
Accordingly, the plaintiff's motion for summary judgment is denied.
Richard J. Stanley, Judge