[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised in this matter is whether the Ridgefield Planning and Zoning Commission should be held in contempt of court for amending Ridgefield Zoning Regulations, Sec. 306.0.H., after the trial court held that section 306.0.H. was illegal because it attempts to prohibit an established nonconforming use.[1]
It is found that the Ridgefield Planning and Zoning Commission should not be held in contempt.
The present case involves an administrative appeal commenced by the plaintiffs, Robert and Catherine Cioffoletti, whereby plaintiffs argued that the defendant, Ridgefield Planning and Zoning Commission, violated General Statutes, Sec. 8-2 by enacting section 306.0.H. of the Ridgefield Zoning Regulations, which provided that:
 (1) The Commission may specify the overall time period within which the excavation, filling or other regrading shall be completed, but in no event shall that time period exceed two (2) years.
 (2) The Commission may grant an extension of time within which to complete the proposed project upon a showing by the applicant of good cause and subject to the considerations and conditions set CT Page 5678 forth in paragraphs F and G, but in no event shall more than one extension of time be granted and, if an extension is granted, the time period of the extension shall not exceed the duration of the original permit.
On March 16, 1990, the court (West, J.) wrote a memorandum of decision, holding that "`section 306.0.H. is illegal because it attempts to prohibit an established nonconforming use. Inasmuch as this determination is dispositive of the instant appeal, a discussion of the other grounds raised by plaintiffs is unnecessary." On that same day, the assistant clerk signed a judgment stating that "[t]he Court finds the issues for the Plaintiffs. Whereupon it is adjudged that the appeal be and it is hereby sustained."
The defendant appealed this judgment, however, on January 22, 1991, the Appellate Court affirmed the trial court's decision holding that "[t]he court properly held that section 306.0.H. is illegal as applied to the plaintiffs' property because it attempts to prohibit an established nonconforming use."
Thereafter, on January 5, 1993, the defendant adopted an amendment to section 306.0.H. which reads:
 (3) Existing Operations. Notwithstanding the above, the commission may grant to any applicant who has an existing operation and who applied for and secured a special permit pursuant to section 306.0.L., extensions of time within which to continue the existing operation. Upon a showing of compliance with section 304.0.(2) of these regulations and subject to the considerations and conditions set forth in section 306.0.F. and 306.0.G., and if an extension is granted, the time period of each extension shall not exceed the duration of the original permit.
In response to this enactment, on January 11, 1993 the plaintiffs filed a motion for contempt, arguing that the defendant, by adopting a regulation "which again purported to require the plaintiffs to apply for a permit in order to continue a nonconforming zoning use upon their property," is in contempt of the court's earlier decision. CT Page 5679
"A motion for contempt invokes the trial court's exercise of discretion." (Citation omitted.) Pisch v. Pisch, 7 Conn. App. 720, 722, 510 A.2d 455 (1986). "Disobedience or resistance of a lawful order, judgment, or mandate, constitutes a contempt of court." Ferrie v. Trentini, 111 Conn. 243, 252, 149 A. 664 (1930). Therefore, "[a] proceeding to punish a defaulting person for contempt assumes the existence of an order or decree with which he has failed to comply. Where there is no decree or order commanding accused or anyone else to do or refrain from doing anything, disobedience of it is impossible, and no person may be adjudged in contempt for the disobedience of a nonexistent order." 17 C.J.S. Contempt, Sec. 12 (1963).
 Although necessary inferences or implications are recognized as proper components of interpretation of decrees and orders in contempt proceedings, a decree or order will not be expanded by implication beyond the meaning of its terms when read in the light of the issues and the purpose for which the suit was brought, and the facts found must constitute a plain violation of the decree or order so read. To justify adjudging one guilty of contempt for alleged violation of an order, it must contain a mandatory or prohibitive provision, and prescribe definitely what he is to do; and it must be so clearly expressed that when applied to the act complained of it will appear with reasonable certainty that it has been violated. Hence, a party cannot be punished for contempt for failure to obey an order which is contradictory, or for failing to do something not specified in the order, or for doing something not forbidden by the order, nor should a party be punished for disobedience of an order which is capable of a construction consistent with innocence.
(Emphasis added.) 17 C.J.S. Contempt, Sec. 12 (1963). As a result, to be held in contempt it is clear that the court's judgment must contain a mandatory or prohibitive provision.
In the present case, the plaintiffs argue that the court must look to the judgment file, and not the court's memorandum of decision, when determining whether the CT Page 5680 defendant violated a specific mandatory or prohibitive provision of a judgment. According to the plaintiffs, "[t]he judgment file is `the proper evidence of the rendition of the judgment and its terms.' State v. Lindsay, 109 Conn. 239,243 [146 A. 290 (1929)]." (Plaintiffs' Brief in Support of Motion for Contempt, p. 1.)
 It is well established that the judgment file itself and not the court's memorandum of decision constitutes the record judgment. [Citations omitted.] A claimed discrepancy between the memorandum of decision and the judgment file is one of substance and should have been raised by an appeal from the judgment. [Citation omitted.] An instrument signed by a judge rendering a judgment is prima facie the judgment of the court, and is evidence of what the court has decided.
(Citations omitted.) (Emphasis added.) Stafford Higgins Industries, Inc. v. Norwalk, 15 Conn. App. 752, 757,546 A.2d 340 (1988).
 Moreover, the judgment file states that `[t]he Court, having heard the parties, finds the issues for the defendant.' (Emphasis added.) When the judgment file indicates that the `issues' were found for a party, this means that all the material and disputed allegations in each pleading were so found. Mendrochowicz v. Wolfe, 139 Conn. 506, 509, 95 A.2d 260 (1953); Practice Book, Sec. 328. Thus, the record discloses that the trial court by its judgment found all of the issues for the defendant.
Corosa Realty v. Covenant Ins. Co., 16 Conn. App. 684, 690,548 A.2d 473 (1988). Therefore, based upon these citations, the plaintiffs argue that since the judgment file properly defines the terms of the judgment, and since the court found the issues for the plaintiffs, the following issues, which were briefed by the plaintiffs in the appellate proceeding, properly set forth the terms of the court's judgment:
 Page 2: `The general statutes do not authorize a zoning commission to adopt a regulation which requires a nonconforming use to obtain a special permit.'
CT Page 5681
 Page 4: `A zoning commission has no authority to adopt a zoning regulation which requires a nonconforming use to be specially permitted as a condition precedent to its continuation.'
 Page 7: `The regulation contains a substantial number of provisions which would generate results that are contrary to public welfare.'
 Page 8: `The regulation violates the due process provisions of the United States and Connecticut Constitutions by failing to set forth standards which will guide the commission in issuing special permits.'
(Plaintiffs' Reply Brief in Support of Motion for Contempt.) As a result, the plaintiffs argue that the defendant, by amending section 306.0.H., violated a court judgment, and is therefore in contempt of that court judgment.
However, "[o]ur Supreme Court has recently stated that `[t]he judgment file is merely a clerical document . . . as the pronouncement by the court . . . is the judgment.'" Lehto v. Sproul, 9 Conn. App. 441, 445, 519 A.2d 1214 (1987); Lucisano v. Lucisano 200 Conn. 202, 206, 510 A.2d 186
(1986). See also Gale v. Gale, 2 Conn. L. Rptr. 422
(September 19, 1990, Copetto, J.). "A judgment does not exist as a legal entity until pronounced, expressed, or made known, in some appropriate way." (Citation omitted.) Bogaert v. Zoning Board of Appeals, 162 Conn. 532, 535,294 A.2d 573 (1972). "`Ordinarily a memorandum of decision is the judgment of the court and the subsequent clerical action in writing out the judgment file, no matter how long it may be postponed, will relate back to the time that the memorandum was filed.'" (Citations omitted.) Id., 535 n. 2. "The judgment-file is the evidence of the judgment; the judgment itself is rendered when the judge officially announces his decision `either orally in open court, or by memorandum filed with the clerk I as was done in this case." (Emphasis added.) Brown v. Cray, 88 Conn. 141, 146,89 A. 1123 (1914). In the memorandum of decision, the court "found that section 306.0.H. goes beyond the accepted policy of zoning to prevent the extension of nonconforming uses. On its face, section 306.0.H can be fairly read to prohibit CT Page 5682 plaintiffs' nonconforming use within a four year period." Cioffoletti v. Ridgefield Planning and Zoning Commission, Judicial District of Danbury, Docket No. 29 49 00 (March 16, 1990, West, J.). Based upon this finding, the court held that "section 3.06.0.H. is illegal because it attempts to prohibit an established nonconforming use. Inasmuch as this determination is dispositive of the instant appeal, a discussion of the other grounds raised by plaintiffs is unnecessary." Id. On appeal, the Appellate Court affirmed the trial court's decision stating that "[t]he court properly held that Sec. 306.0.H. is illegal as applied to plaintiffs' property because it attempts to prohibit an established nonconforming use. This issue is dispositive of this appeal, and, therefore, we need not address the claims raised in the plaintiffs' counter statement of issues." Cioffoletti v. Planning Zoning Commission, 24 Conn. App. 5, 9,584 A.2d 1200 (1991). Therefore, although the judgment, which was signed by the clerk, and not the judge rendering the decision, states that "[t]he Court finds the issues for the Plaintiffs," it is found that the record discloses, due to the presence of the memorandum of decision, that the court did not order or prohibit the defendant from enacting the current amendment to section 306.0.H.
In addition, the issues briefed by the plaintiffs merely reiterate the mandate of General Statutes, Sec. 8-2, which provides, in relevent part, that the adopted regulations "shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations." [T]he court's authority to issue contempt orders is limited to noncompliance with court rules, orders, judgments or mandates, but not statutes." (Citation omitted.) (Emphasis added.) Calway v. Calway, 26 Conn. App. 737,747, 603 A.2d 434 (1992). In the present case, it has not been alleged that the defendant is attempting to enforce section 306.0.H. as it relates to plaintiffs' property. What the defendant has done is amend section 306.0.H. to allegedly conform to the court's decision. Therefore, although the enactment of 306.0.H. may violate General Statutes, Sec. 8-2, it is clear that the enactment does not violate a specific court order or judgment. Also, "[w]hen the judgment file indicates that the `issues' were found for a party, this means that all the material and disputed allegations in each pleading were so found." (Citations omitted.) (Emphasis added.) Corosa Realty v. Covenant Ins. Co., supra, 690. It CT Page 5683 is found that the issues, as spelled out by the plaintiffs in their appellate brief, are not orders of the court, but statements of the law as set forth in General Statutes, Sec.8-2; therefore, since the court can only hold a defendant in contempt for failure to comply with a specific court order, and not a statute, it is found that the court should deny the plaintiffs' motion for contempt.
McGrath, J.