[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT BOROUGH OF JEWETT CITY'S
CT Page 6895MOTION FOR SUMMARY JUDGMENT (NO. 117)
This is an action filed by Theresa D. Williams (plaintiff) against a number of defendants including the Borough of Jewett City (Borough). The plaintiff seeks damages for her personal injuries pursuant to General Statutes § 13a-149, which resulted from a fall on April 13, 1992, on a sidewalk allegedly controlled and maintained by the Borough. The Borough moved for summary judgment on counts two and five[1] of the second amended complaint dated July 11, 1994.
 I
The plaintiff alleges that she was walking on the sidewalk of Soule Street in the Borough, when she tripped and fell and suffered "severe personal injuries, from many of which she is still suffering and will continue to suffer. . . ." The plaintiff further alleges that her injuries were proximately caused by the negligence of the Borough in that it failed to warn her of the defective condition of the sidewalk and failed to exercise due care in the upkeep and maintenance of the same.
The Borough claims in its motion for summary judgment that its alleged acts or omissions could not be the sole proximate cause of the plaintiff's injuries, because of the plaintiff's contributory negligence, and thus she has no cause of action under Connecticut General Statutes § 13a-149.
The plaintiff opposes the Borough's motion for summary judgment and asserts that a genuine issue of fact exists as to whether the plaintiff was exercising the appropriate standard of care while walking on the sidewalk.
Both sides have submitted briefs and made oral argument in support of their respective positions.
 II
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment CT Page 6896 has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524,530 (1993).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446 (1984), quoting Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199 (1972).
Under Connecticut's defective highway statute,[2] a plaintiff may recover "[o]nly if the defective [sidewalk] is the sole proximate cause of the claimed injuries." Hall v. Burns,213 Conn. 446, 462 (1990). The Borough's principal assertion is that the plaintiff's own negligence contributed to her injuries, and thus, the defective sidewalk could not be their sole proximate cause. In support of this assertion of contributory negligence, the Borough has attached a copy of a portion of the transcript of the plaintiff's deposition in which she states that she was looking at a bill as she was walking on the sidewalk when her foot went into a hole. She then fell. Because of this alleged contributory negligence, the Borough argues that it is entitled to summary judgment as a matter of law.
"Proximate cause, negligence and contributory negligence are ordinarily all questions of fact." See Maebry v. McNeil, 13 Conn. App. 167
(1988).
The Borough cites the deposition responses of the plaintiff to show that her own inattentiveness, combined perhaps, with the condition of the sidewalk contributed to her injuries. If this is true, the Borough argues, then the plaintiff cannot claim that her injuries were solely due to the defective sidewalk as a matter of law.
The question here is whether the plaintiff's looking at a bill while walking on the sidewalk under all of the circumstances so clearly departed from the standard of a reasonably prudent person that the function of the trier should be usurped by the court.
"The test of the requirement for the granting of a summary CT Page 6897 judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations and internal quotation marks omitted.) United Oil v. Urban Redevelopment Commission, 158 Conn. 364,380 (1969).
Whether the plaintiff's inattentiveness, even if contributorily negligent, was a proximate cause or substantial factor in bringing about her injuries is also a question of fact for the trier. These issues of contributory negligence and proximate cause must be determined by the trier from all the circumstances. It is the movant's burden on a motion for summary judgment to show where the truth lies. On the facts presented in support of the Borough's position, it cannot be said that the plaintiff was herself negligent as a matter of law.
The plaintiff's exercise of an appropriate standard of care as she walked on the sidewalk is squarely a question of fact for the jury to decide. See Parker v. Hartford, 122 Conn. 500, 505
(1937). A litigant has a constitutional right to a trial by a judge or jury on an issue of fact and has as much right to present a weak case as a strong one. Therefore, the Borough's motion for summary judgment must fail.
Furthermore, the Borough's motion must also fail because it relies solely on the deposition testimony of the plaintiff to support its claim that the plaintiff was contributorily negligent. "A response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court, the testimony of [the plaintiff] may contradict (or explain) [the plaintiff's] earlier statement and a question for the jury to decide may then emerge." (Citation omitted.) Esposito v.Wethered, 4 Conn. App. 641, 645 (1985).
Accordingly, for the foregoing reasons, the Borough's motion for summary judgment must be and is denied. CT Page 6898
Teller, J.