[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT
The plaintiff, Margaret Goerg has moved for summary judgment against the named defendants on the issue of liability. The plaintiff's memorandum of law is supported by her affidavit as well as the investigating police officer's accident report.
The defendants have filed a memorandum in opposition supported affidavit of the defendant Michael Cascella.
The plaintiff's negligence action against the defendants arises out of an automobile-tow truck collision which occurred on February 28, 1996 in Easton, Connecticut. The plaintiff was operating her automobile south on Route 59 in Easton when she stopped her vehicle at the intersection of Route 59 and Everett Road. She states that after putting on her left signal as she was about to make a left turn onto Everett Road her automobile was struck in the rear by a tow truck or wrecker driven by the defendant, Michael A. Cascella. This tow truck was owned by the defendant, United Auto Sales of Fairfield, Inc. The plaintiff sustained physical injuries as a result of the collision.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99, cert. denied, ___ U.S. ___, 114 S.Ct 176,126 L.Ed.2d 136
(1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital, 232 Conn. 242,250, 654 A.2d 748 (1995).
The standard to be applied in determining whether summary judgment should be granted is whether the party would be entitled to a directed verdict on the same facts. Connelly v. HousingAuthority, 213 Conn. 354, 364, 567 A.2d 1212 (1990). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell,214 Conn. 242, 246 571 A.2d 116 (1990). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) CT Page 10659Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990).
In her affidavit, the plaintiff asserts that she had stopped at the intersection of Route 59 and Everett Road intending to make a left turn. Further, the plaintiff maintains that she used her left turn signal, which was operational, to signal her intentions. At this time, without warning, Cascella, driving the tow truck owned by United Auto Sales of Fairfield, Inc. struck her vehicle from the rear. The police report provides, in pertinent part: "The operator of traffic unit #1 [, cascella,] stated the following: that he was travelling south on Rt. 59. He reached the crest of the hill past Judd Rd. and did not see the vehicle stopped in from of him. When he saw the vehicle he applied his brakes but was unable to stop before striking the vehicle." Cascella's admission that he "did not see the vehicle stopped in from of him" is not conclusive as to his negligence.Jacobs v. Goodspeed, 180 Conn. 415, 418, 429 A.2d 915 (1980). "Such an admission constitutes an evidentiary admission or `evidence to be accepted or rejected by the trier.' C. Tait J. LaPlante, Handbook of Connecticut Evidence (2d Ed. 1988) § 605, p. 132." Kershner v. Conover, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320969 (November 9, 1995, Ballen, J.). "It does not constitute a judicial admission which relieves the plaintiff from the burden of presenting evidence on the fact admitted by the defendant." Id., citing Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 199,286 A.2d 308 (1971). "Where evidence is introduced showing an apparent admission of a party out of court, he is entitled to explain the circumstances so that the trier can properly evaluate it." Kucza v. Stone, 155 Conn. 194, 198, 230 A.2d 559 (1967).
Moreover, in his affidavit, Cascella asserts that the plaintiff suddenly stopped her vehicle "without her signal lights on, nor with any tail lights illuminated." Cascella's affidavit raises a genuine issue as to whether Goerg's brake lights or signal were functioning properly at the time of the accident. "[N]egligence has long been defined as the failure to use that degree of care for the protection of another that the ordinarily reasonable careful and prudent [person] would use under like circumstances." (Internal quotation marks omitted.) Brown v.Branford, 12 Conn. App. 106, 108, 529 A.2d 743 (1987). An issue of negligence is generally a question of fact. Maebry v. McNeil,13 Conn. App. 167, 168, 534 A.2d 1256 (1987). Thus, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication CT Page 10660 but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). Taking into account the defendant Cascella's version that Goerg's brake lights may not have been functioning properly at the time of the accident, the court cannot, as a matter of law, find that Cascella would have avoided the collision had he used the degree of care that "the ordinarily reasonably careful and prudent [person]" would have been expected to exercise under like circumstances. Brown v. Branford, supra,12 Conn. App. 108. Also see Siecienski v. Wilson, Superior Court, judicial district of New Haven, Docket No. 328874 (January 20, 1993, Stanley, J.) (denying the plaintiff's motion for summary judgment where the defendant, in her affidavit, stated that she did not see the plaintiff's brake lights and that it was raining heavily at the time of the collision).
The motion for summary judgment is denied.
THE COURT
RONAN, J.