[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT, #141, #143
The plaintiff, Joyce Dimauro (hereinafter "the plaintiff"), CT Page 11482 has brought an action against the defendants, Bridgeport Hospital land Schindler Elevator (hereinafter "the defendants") in which she alleges that she suffered injuries as a result of the defendants' negligence in maintaining an elevator on the premises of Bridgeport Hospital. The defendants Schindler Elevator Corporation and Bridgeport Hospital have moved for summary judgment in their favor. The plaintiff and the intervening plaintiff, Dialysis Consultants, have filed objections to the motions for summary judgment.
Facts made available to the court in the scope of the motion for summary judgment show the following: The plaintiff was employed as a nurse by Dialysis Consultants. On November 14, 1994, while in the employ of Dialysis Consultants, the plaintiff was transporting a plasmapheresis machine from the eighth floor to the sixth floor of Bridgeport Hospital. The plasmapheresis machine is as tall as an individual and ways approximately 350 pounds. After the elevator stopped at the sixth floor, the plaintiff, standing behind the machine, attempted to push the machine out of the elevator only to have the machine lodge, because the elevator misleveled three or four inches above the floor. At that time, the plaintiff, attempting to protect the expensive machine from being damaged by the closing elevator doors, moved to the side and front of the machine and attempted to extricate the machine from the elevator. It was in the course of this attempt to dislodge the machine that the plaintiff, who has a history of back problems, allegedly suffered the additional injuries to her back alleged in the complaint.
The defendants move for summary judgment on the ground that there are no material questions of fact and that the defendants are entitled to judgment as a matter of law. Specifically, the defendants argue that any malfunctions of the elevator were not the proximate cause of the plaintiff's injuries. Rather, the defendants argue that the plaintiff was injured when, after noticing that the elevator was misleveled, she attempted to dislodge the machine from the elevator by herself. Thus, the defendants argue that the malfunctioning elevator was not the proximate cause of the plaintiff's injuries and that it was not foreseeable that the plaintiff would be injured in the manner alleged as a result of the elevator malfunction.
The plaintiff and the intervening plaintiff, on the other hand, argue that summary judgment is inappropriate at this time. Specifically the plaintiffs argue that it is a question of fact CT Page 11483 as to whether it is foreseeable that the plaintiff would act in the manner she did following the elevator's malfunction, and, thus, a question of fact as to whether the elevator actually caused the injury to the plaintiff.
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . ." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
The issue before the court, accordingly, is whether there is a question of fact as to the cause of the plaintiff's injuries. In order for there to be legal causation for an injury, there must be proximate cause. "Proximate cause establishes a reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff . . . . Proximate cause serves to temper the `expansive view of causation [in fact] . . . by the pragmatic . . . shaping [of] rules which are feasible to administer, and yield a workable degree of certainty. . . .'" (Citations omitted.) Suarez v. Sordo, 43 Conn. App. 756, 762,685 A.2d 1144 (1996). "In other words, legal cause can be portrayed pictorially as a Venn diagram, with the circle representing cause in fact completely subsuming the smaller circle representing proximate causation." Stewart v. Federated Department Stores,Inc., 234 Conn. 597, 606, 662 A.2d 753 (1995).
The Connecticut Supreme Court has defined proximate cause as "[a]n actual cause that is a substantial factor in the resulting harm. . . ." Id. The "substantial factor" tests reflects the inquiry fundamental to all proximate cause questions, that is, "whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." CT Page 11484 (Internal quotation marks omitted.) Elliott v. City of Waterbury,245 Conn. 385, 402, 715 A.2d 27 (1998). Furthermore, "the issue of proximate cause is ordinarily a question of fact for the trier of fact and becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion."Shegog v. Zabrecky, 36 Conn. App. 737, 745, 654 A.2d 771 (1995). As such, issues of proximate cause are generally ill-suited for summary judgment. Ford v. City of West Haven, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 051003 (July 14, 1998, Ripley, J.T.R.).
There appears to be little relevant caselaw concerning situations similar to the present one. While there are cases addressing the liability of the elevator manufacturer or building owner in instances where an individual is injured while exiting an elevator that has misleveled; see Short v. Otis Elevator Co.,502 So.2d 1100 (Louisiana, 1987); there appear to be no cases where an individual is injured while attempting to remove any equipment or machinery lodged in an elevator that has misleveled.
A look at the cases discussing proximate cause, however, shows that courts are hesitant in removing proximate cause cases from the purview of the trier of fact even in instances where the defendants' liability appears to be questionable in relation to the plaintiff's injury. Thus, in Maebry v. McNeil,13 Conn. App. 167, 534 A.2d 1256 (1988); the appellate court upheld the findings of the trial court after the lower court found for the plaintiff on his allegation that he injured his wrist after pouring water through a broken window in an effort to extinguish a fire negligently caused by the defendants. Also holding that proximate cause is a question of fact for the trier, the court, in Speiser v. Percell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316540 (December 13, 1995, Maiocco, J.); denied the defendant's motion to strike the plaintiff's allegations that he was injured while trimming shrubbery which the defendant had negligently allowed to grow wild.
Both of these cases illustrate that the foreseeable risk aspect of proximate cause is not removed from the trier of fact in instances where the injured individual acts independently of the alleged negligence in an intervening fashion. In both cases the court reasoned that it was up to the trier of fact to determine whether the injured individual's actions were reasonably foreseeable in the context of the defendant's CT Page 11485 negligence.
The present case is no exception to the general rule that issues of proximate cause are best reserved for the trier of fact. While the defendants have set forth evidence which may ultimately bar recovery by the plaintiff, the court cannot say at this time that the plaintiff acted unreasonably or in such a way as to relieve the defendants of any alleged negligence. Whether it is generally foreseeable that a nurse might be injured while attempting to remove highly expensive medical equipment that has lodged in a misleveled elevator is a question of fact which the trier must determine in the complete context of the case. Accordingly, the defendants' motion for summary judgment is denied.
Thompson, J.